10-0384-cv
Farberware v. Meyer Marketing Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of July, two thousand eleven,

Present:    ROSEMARY S. POOLER,
        RICHARD C. WESLEY,
         *Circuit Judges*.
        JOHN G. KOELTL,*
         *District Judge*.

_____

FARBERWARE LICENSING CO., LLC,

       *Plaintiff-Counter-Defendant-Appellee*,

    -v-             10-0384-cv

MEYER MARKETING CO., LTD., MEYER INTELLECTUAL
PROPERTIES, LTD. and MEYER CORPORATION, U.S.,

       *Defendant-Counter-Plaintiffs-Appellants*.

_____

Appearing for Appellee:  Victor C. Bushell (Joseph E. Gulmi, Cem Ozer, *on the brief*)
           Bushell, Sovak, Ozer & Gulmi LLP, New York, N.Y.

_____

 * The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

Appearing for Appellant:      Dean A. DickIe (Robert C. Levels, *on the brief*) Miller, Canfield,
                              Paddock and Stone, P.L.C., Chicago, Ill.

Appeal from the United States District Court for the Southern District of New York (Baer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellants Meyer Marketing Co., Ltd., Meyer Intellectual Properties, Ltd. and Meyer Corp., U.S. (together, "Meyer") appeal from the December 30, 2009 opinion and order of the United States District Court for the Southern District of New York (Baer, *J.*) denying Meyer's motions for attorneys' fees made pursuant to Section 35(a) of the Lanham Act. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Appellees Farberware Licensing Co. ("FLC") owns the Farberware trademark. Meyer makes and sells cookware and bakeware products pursuant to an FLC license. In March, 2009 FLC filed suit against Meyer for breach of the licensing agreement governing the relationship between the parties. FLC alleged that Meyer breached its license by (1) distributing products under the Farberware mark that were outside the scope of Meyer's license and in a manner that caused confusion under the Lanham Act; (2) failing to submit products, packaging and advertising for FLC's review and approval as required by the license; and (3) failing to engage in the license's dispute resolution procedure.

Meyer counterclaimed for unfair competition and several other claims, including breach of contract. Following a six-day trial, the jury delivered a split verdict. The jury found Meyer breached its license agreement with FLC, but also found against FLC on Meyer's claims for breach of contract and common law unfair competition. The jury found Meyer failed to meet its burden on its remaining claims against against FLC. The district court held that Meyer failed to establish the affirmative defenses of unclean hands, waiver and equitable estoppel, but that Meyer did establish the affirmative defense of laches and acquiescence with regard to FLC's Lanham Act claims. Meyer's claims for breach of the implied covenant of good faith and fair dealing, and equitable estoppel were dismissed, along with several state law claims.

After the trial, Meyer moved for roughly $1.4 million in attorney's fees and for $396,403.21 in costs pursuant to 15 U.S.C. § 117(a). The district court denied the claim for attorneys' fees, and awarded costs of $87,572.67. This appeal, which concerns only the denial of an award for attorneys' fees, followed.

We review  a district court's decision on whether to award profits, damages or attorney's fees for abuse of discretion. *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc.*, 80 F.3d 749, 752 (2d Cir. 1996). A district court abuses its discretion by making a mistake of law or fact or a clearly erroneous assessment of the evidence. *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 121 (2d Cir. 2001).

The Lanham Act provides, in relevant part, that "in exceptional cases," the court "may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). To receive fees under the "exceptional case" exemption set forth in Lanham Act Section 35(a), a party must demonstrate the losing party acted in bad faith. *Universal City Studios, Inc. v. Nintendo Co. Ltd.*, 797 F.2d 70, 77 (2d Cir. 1986). In *Mennen Co. v. Gillette Co.*, the district court awarded attorneys' fees on a finding that "[t]here is a substantial overtone in this case to warrant an inference that this suit was initiated as a competitive ploy. As such it carries necessary damage to the defendant when plaintiff's claims are found, as they are here, to have no real substance." 565 F. Supp. 648, 657 (S.D.N.Y. 1983), *aff'd, Mennen Co. v. Gillette Co.*, 742 F.2d 1437 (2d Cir. 1984). However, a plaintiff's failure to prevail on its claims, standing alone, is not enough to anchor a claim of bad faith. *Gordon & Breach Science Publishers S.A. v. Am. Institute of Physics*, 166 F.3d 438, 439 (2d Cir. 1999) (no award of fees where the "litigation may not have been strong on the merits but raised enough nonfrivolous claims to preclude the awarding of fees").

The district court held this was not an "exceptional case" warranting a fee award because it found that even though FLC did not prevail on its Lanham Act claims, the evidence did not support a finding that FLC brought the claims in bad faith. Meyer relies heavily on the jury's finding in Meyer's favor on the claim for unfair competition, which required the jury to find FLC acted in bad faith. However, the fact that Meyer prevailed on its unfair competition claim does not, as a matter of law, mean that FLC prosecuted its Lanham Act claim in bad faith. The focus of the bad faith inquiry in the exceptional cases context is whether the plaintiff had a credible, good faith basis on which to rest its Lanham Act claims. *See, e.g., Universal City Studios*, 797 F.2d at 77 (upholding fee award where district court found plaintiff "brought its Lanham Act claim in bad faith"). Indeed, even where there is a finding of bad faith, a court may exercise its discretion to deny an award of attorneys' fees. *See Int'l Star*, 80 F.3d at 753 ("[A]n award of attorney fees *may* be justified when bad faith infringement has been shown.") (emphasis added); *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 82 F. Supp. 2d 136, 149 (S.D.N.Y. 2000) (same). Notably, the jury also found Meyer breached the agreement between the parties, and rejected Meyer's claim that FLC breached the contract's implied covenant of good faith and fair dealing.

Meyer identifies no errors of law in the district court's opinion. Although Meyer asserts that the district court erroneously limited its consideration to FLC's conduct during the trial, this is belied by the district court's explicit distinction between "litigation tactics," which include the decision to bring suit, and "<u>pre</u>-Complaint conduct." *Farberware Licensing Co. LLC v. Meyer Marketing Co., Ltd.*, No. 09 Civ. 2570, 2009 WL 5173787, at *3 (S.D.N.Y. Dec. 30, 2009) (emphasis added). Accordingly, the district court's decision must be affirmed unless it was based on a clearly erroneous assessment of the evidence.

District courts are awarded broad discretion in determining whether a case qualifies as an "exceptional case" requiring the award of attorney's fees under the Lanham Act. Indeed, even *Gidatex* -- relied on by Meyer for the proposition that is an abuse of discretion to fail to consider awarding attorney's fees when bad faith is established -- ultimately declined to award fees, finding that "the jury found bad faith trademark infringement and unfair competition, not bad faith litigation tactics." 82 F. Supp. 2d at 149. This was a hotly contested case, with each side

3

winning and losing on various claims following a six-day jury trial.  Under the facts presented here, it was not an abuse of discretion for the district court to determine an award of attorney's fees was not appropriate.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4